**In the United States District Court
for the District of Kansas**

———————

Case No. 20-cr-40004-TC-1

———————

UNITED STATES OF AMERICA,

*Plaintiff*

v.

SHAWN LAMAR WHITMORE, JR.,

*Defendant*

———————

**MEMORANDUM AND ORDER**

Shawn Lamar Whitmore, Jr. moves for a reduction in his sentence. Doc. 108. The Government opposes his request. Doc. 110. For the following reasons, Whitmore's motion is denied.

**I**

**A**

**1.** A term of imprisonment generally may not be modified once it has been imposed, subject to a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011); *see also United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5195, Section 3582 permits a defendant to move for compassionate release only after exhausting administrative remedies, 18 U.S.C. § 3582(c)(1)(A).

If exhaustion is shown, Section 3582(c)(1)(A) permits a court to "reduce the term of imprisonment … after considering the factors set forth in section 3553(a)" to the extent applicable if either of two situations exist. 18 U.S.C. § 3582(c)(1)(A). A court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Or a court may reduce the term of imprisonment if "the defendant is at least 70 years of age, has

1

served at least 30 years in prison," for the offense the defendant is currently imprisoned for, "and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(ii). In either situation, a court must find that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Consequently, where relief is sought under Section 3582(c)(1)(A)(i), courts apply a three-step analysis. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). First, extraordinary and compelling circumstances must warrant the reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be consistent with applicable Sentencing Commission policy statements. *Id.* And third, the sentencing factors in 18 U.S.C. § 3553(a) must warrant the reduction. *Id.* "Relief [may] be granted only if all three prerequisites are satisfied, but [the language of Section 3582(c)(1)(A)] does not mandate a particular ordering of the three steps." *Hald*, 8 F.4th at 942. In any case, compassionate-release relief may not be denied solely on the ground that release is not warranted under the Section 3553(a) factors without considering whether the facts alleged establish extraordinary and compelling reasons for release. *Id.* at 947.

**2.** Another exception is Section 3582(c)(2), which permits a court to modify a criminal defendant's sentence if he or she was sentenced "based on a sentencing range" that was subsequently lowered by the Sentencing Commission. *Hughes v. United States*, 584 U.S. 675, 685–86 (2018). When doing so, a court must "consider[] the factors set forth in section 3553(a) to the extent" applicable and then reduce the sentence only "if such a reduction is consistent with applicable policy statements" of the Sentencing Commission. *United States v. C.D.*, 848 F.3d 1286, 1289–91 (10th Cir. 2017) (holding that the "based on" and "consistent with" clauses are jurisdictional while the Section 3553(a) factors are committed to the discretion of the district court). But where an Amendment does not apply to a defendant, leaving the sentencing range the same as it was at the time of sentencing, a reduction under Section 3582(c)(2) is unavailable. U.S. Sent'g Guidelines Manual (U.S.S.G.) § 1B1.10 (U.S. Sent'g Comm'n 2023).

## B

Shawn Lamar Whitmore, Jr., pled guilty to armed bank robbery under 18 U.S.C. § 2113(d) and was sentenced to 97 months imprisonment and five years of supervised release. Doc. 104. Whitmore moved

to reduce his sentence under the First Step Act, appoint counsel, and seal documents attached to the motion. Doc. 108. He then asked to amend his motion. Doc. 112.

## II

Whitmore's circumstances are not extraordinary and compelling at step one or step two, nor do the sentencing factors in 18 U.S.C. § 3553(a) at step three favor his motion. And he is ineligible for a zero-point offender reduction because he does not meet the criteria. *See* U.S.S.G. § 4C1.1 (2023). As a result, he is not entitled to a reduced sentence.

## A

**1.** Whitmore first asserts that his sentence should be reduced because his circumstances are extraordinary and compelling. Doc. 108 at 7–15. "[W]hat constitutes extraordinary and compelling reasons" is left to a district judge's discretion subject to the statutory limitation that rehabilitation alone is not enough. *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (citing 28 U.S.C. § 994(t)). But "extraordinary and compelling" suggests that the proffered reasons for reduction must be unusually meritorious and "unique." *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021). Reasons that apply to most prisoners are not sufficient.

Whitmore points to a variety of factors in support of his contention. He claims that he was young at the time of his crime (21 years old) and faces violence and COVID-19 precautions in prison. Doc. 108 at 5. He also confronts family hardships: his mother has become homeless, he has missed family funerals, and he is unable to have family visit due to his location. *Id.* Whitmore also cites his rehabilitation in prison, the burden of making restitution payments while in prison rather than working in the community, and the sentence disparity with his co-defendants. *See* Doc. 108-2. Finally, he says he has a low risk of recidivism. *See* Doc. 112 at 1.

Whitmore has failed to establish that his circumstances are extraordinary and compelling. Indeed, all of Whitmore's circumstances are typical for prisoners with children. As such, none of the circumstances in combination are so extreme as to pass muster as "unique." *See United States v. Dewberry*, No. 11-CR-40078-06, 2022 WL 2528108 (D. Kan. July 7, 2022) (rejecting medically-controlled PTSD as requiring compassionate release); *United States v. Kellum*, No. 07568-081, 2024 WL

81546, at *2 (N.D. Okla. Jan. 8, 2024) (noting that young age may be a sentencing factor if unusual, but that age 20 for carjacking and associated crimes is not unusual), *United States v. Ma*, No. 4:20-CR-00107, 2023 WL 5508835, at *3 (D. Utah Aug. 25, 2023) (explaining that courts routinely reject claims that childcare issues, absent proof the incarcerated is the only available caregiver, are extraordinary and compelling), *United States v. Olivas*, No. 1:16-CR-03300, 2022 WL 204577, at *2 (D.N.M. Jan. 24, 2022) (rejecting changed imprisonment conditions as a result of COVID-19 as a reason for compassionate release).

Whitmore cites cases granting compassionate release requests for individuals convicted of bank robbery, but they do not suggest a different conclusion. *Contra* Doc. 112. Whitmore cannot claim that his sentence would be different today than it was at sentencing, like the prisoners granted compassionate release in *U.S. v. Jones*, 482 F. Supp. 3d 969 (N.D. Cal 2020), and *United States v. Mack*, No. 2:98-CR-162, 2021 WL 1099595 (S.D. Ohio Mar. 23, 2021) (noting that contemporaneous sentencing guidelines would have reduced Mack's sentence by 30 years to 25 years and 5 months, of which he had already served 22 years). Both of those prisoners also had other exacerbating factors, like health conditions that placed them at greater risk for complications from COVID-19, which Whitmore does not claim. And he describes milder conditions than those in *United States v. Wood*, No. 3:18-CR-00599-MO-1 (D. Or. May 5, 2022). Wood was allegedly subjected to extreme conditions during his 55-month confinement. The prison failed to treat an infected bite wound, denied him his prescribed mental health medication, and did not provide appropriate water and bathroom facilities while Wood was quarantined with other inmates. Undoubtedly, Whitmore catalogs some of the harsh, but run-of-the-mill realities of prison, including inmate violence. Still, his allegations are far from Wood's extreme and unique conditions. Thus, an analogy to Wood's circumstances does not counsel a finding of extraordinary and compelling circumstances for Whitmore. *Contra* Doc. 112 at 1.

**2.** Nor does Sentencing Commission policy favor reducing Whitmore's sentence at step two. The Sentencing Commission now lists six categories of extraordinary and compelling reasons. They include the defendant's medical condition, age, family circumstances, abuse in prison, "other reasons," and sentence length. *See* U.S.S.G. §

1B1.13 (2023).[1] These considerations guide a district court's exercise of discretion and restrain what qualifies as "extraordinary and compelling."

None of the six policy categories help Whitmore. Three of them do not apply at all. Whitmore is younger than 65 years old and does not he allege that he has been the victim of abuse while in prison. *See id.* at §§ 1B1.13(b)(2), (b)(4). Nor did Whitmore receive an unusually long sentence—and even if he had, he has not served the predicate 10 years pursuant to Section 1B1.13(b)(6).

Even accepting his contention that prison has worsened his PTSD, Doc. 108-2 at 9, PTSD is not a terminal illness, nor did he identify evidence showing that his PTSD "substantially diminishes" his ability to care for himself while incarcerated, U.S.S.G. §§ 1B1.13(b)(1)(A)–(B); *see United States v. White*, No. 21-11270, 2022 WL 2297541, at *4 (11th Cir. June 27, 2022) (holding that a PTSD diagnosis, without more, does not satisfy U.S.S.G. § 1B1.13(b)(1)(B)). Nor does he assert that he is denied adequate care or is at higher risk of infectious disease than other inmates. *See* U.S.S.G. at §§ 1B1.13(b)(1)(C)–(D).

Whitmore also alleges that he needs released to care for his mother, who has "health issues [with] no cure" and "has ended up homeless living on a fixed income." Doc. 108 at 11. His mother also wrote a letter explaining that she depends on him for care and that her health and financial conditions have worsened since Whitmore was incarcerated. Doc. 111 at 16–19. The circumstances she describes are undoubtedly difficult, but there is no corroborating evidence, like medical records, that she is fully incapacitated. *See United States v. Collins*, No. 15-10188, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (explaining that incapacitation is defined as a situation where the individual "cannot carry on any self-care and is totally confined to a bed or chair."). And even so, Whitmore is not her only available caregiver because she currently lives with her parents in South Carolina. *See* U.S.S.G. §

---

[1] The Sentencing Commission's updated policy guidance applies because Whitmore filed an amended motion after it took effect on November 1, 2023. Thus, the Commission's policy constrains the exercise of discretion regarding extraordinary and compelling reasons for reduction. *See United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). But whether the updated policy operates as a persuasive consideration or a direct constraint makes no difference because Whitmore has not shown that extraordinary and compelling reasons exist under Section 1B1.13 or outside of it.

5

1B1.13(b)(3); *United States v. Quintana*, No. 17-CR-20043-02, 2021 WL 147987, at *3 (D. Kan. Jan. 15, 2021) (holding that even extreme burden on another who is caring for an incapacitated close relative while the defendant is incarcerated is not "an extraordinary and compelling reason for a sentence reduction"). Moreover, Whitmore's own release plan explains that he plans to live with his father in Kansas, not his mother in South Carolina. *See* Doc. 112.

Nothing else Whitmore states rises to the "gravity" of the factors in Sections (b)(1)–(b)(4) such that it merits consideration pursuant to Section 1B1.13(b)(5). Specifically, Whitmore's rehabilitation efforts and low recidivism risk are not similar in gravity to the reasons outlined in Sections (b)(1)–(b)(4). *See United States v. Maumau*, 993 F.3d 821, 835–36 (10th Cir. 2021) (explaining that statute bars consideration of rehabilitation as the only basis for sentence reduction).

**3.** Finally, the Section 3553(a) factors do not weigh in favor of reducing Whitmore's sentence. Based on Whitmore's assertions, five such factors are relevant. They are: "[T]he nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the need to protect the public, provide deterrence, reflect the seriousness of the crime, and provide rehabilitative services, *id.* at § 3553(a)(2), sentencing guidelines and the applicable sentencing range, *id.* at § 3553(a)(4), "[t]he need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," *id.* at § 3553(a)(6), and "[t]he need to provide restitution," *id.* at § 3553(a)(7).

Whitmore asserts that his youth at the time of the crime, his lack of prior criminal convictions, his low recidivism risk rating, disparities with others who joined in the bank robbery, and his need to pay restitution all counsel in his favor. *See generally* Docs. 108, 112. But on balance, the factors do not favor reducing Whitmore's sentence.

Whitmore's circumstances implicate Section 3553(a)(1) because he was 21 at the time of the bank robbery and had a criminal history score of zero. But Whitmore's age was known at sentencing and his youth was one of the factors the Government used in recommending a 97-month sentence. *See* Doc. 100 at 5. There is no reason that his age at the time of the crime now weighs differently. *Cf. United States v. Kellum*, No. 07568-081, 2024 WL 81546, at *2 (N.D. Okla. Jan. 8, 2024) (noting that young age may be a sentencing factor if unusual, but that age 20 for carjacking and associated crimes is not unusual).

Whitmore amended his motion to clarify that the Bureau of Prisons now considers his recidivism risk to be low, Doc. 112, implicating Section 3553(a)(2). But a clean disciplinary record and low risk of recidivism alone are not sufficient for sentence reduction. *United States v. Crosby*, No. CR 09-40049-01, 2023 WL 1927269 at * 3 (D. Kan. Feb. 10, 2023), *aff'd*, No. 23-3034, 2023 WL 4938343 (10th Cir. Aug. 3, 2023); *see also United States v. Hassen*, No. 22-3079, 2022 WL 17685604 (10th Cir. Dec. 15, 2022). And a low risk is not a guarantee. The Sentencing Commission has found that younger offenders and those who engage in violent crimes are more likely to reoffend. *See United States v. Barnette*, No. 77-20014, 2021 WL 2805376, at *8 (D. Kan. July 6, 2021) (citing Recidivism Among Federal Violent Offenders Report (U.S. Sent'g Comm'n 2019)).

Whitmore also complains of disparities with his co-conspirators, implicating Section 3553(a)(6). *See* Doc. 108 at 14. To the extent there is a disparity, it was and remains warranted. Whitmore conducted the bank robbery and assaulted the bank's tellers while brandishing a firearm, Doc. 97 at ¶¶ 8–10, 11, 35, while his co-conspirators drove the getaway car and kept lookout, Doc. 100 at 4; *see United States v. Hopkins*, No. 22-5090, 2023 WL 4994816 (10th Cir. Aug. 4, 2023) (affirming a district court's finding that there was no disparity between codefendants' sentences when their actions during the crime and criminal histories differed); *see also United States v. Freeman*, No. CR-10-165, 2022 WL 2975321, at *3 (W.D. Okla. July 27, 2022) (holding a leadership role in orchestrating a bank robbery was sufficient in part to justify a heavier sentence compared to codefendants). And Whitmore was sentenced to the low end of the guideline range, suggesting that like criminals receive similar (or possibly greater) sentences nationally. *See United States v. Williams*, 298 F. App'x 708, 710–11 (10th Cir. 2008) (stating that § 3553(a)(6) is interested in sentencing "uniformity on a national scale" not uniformity with "codefendants").

Whitmore asserts he could pay his restitution faster if he were able to obtain a job in the community, which would pay more than jobs in prison, implicating Section 3553(a)(7). *See* Doc. 108-2 at 16–20. That may be true, but a court need not reduce a defendant's sentence to maximize his or her ability to pay restitution. *See United States v. Lippke*, No. 15-CR-02491, 2021 WL 1169676, at *2 (D.N.M. Mar. 26, 2021) (finding that paying restitution to victims was the only factor weighing in favor of defendant's motion to reduce his sentence and holding it insufficient).

Whitmore's estimated release date is just short of three years away. He is now 25 years old. Considering all the circumstances, his original 97-month sentence remains appropriate and there are no extraordinary and compelling circumstances that warrant reducing it. His sentence remains appropriate and necessary to promote respect for the law, to reflect the seriousness of the offense, to provide just punishment, and to afford adequate deterrence to criminal conduct—both as to Whitmore and to others. Whitmore's sentence is also necessary to avoid unwarranted disparities among defendants with similar records who are found guilty of similar offenses.

## B

Whitmore amended his motion to request a reduction pursuant to Amendment 821 to the Federal Sentencing Guidelines. Doc. 112 at 1. But that Amendment does not apply to him.

Amendment 821 to the Federal Sentencing Guidelines reduces the sentences of certain criminal defendants, effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, Section 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." As amended, Section 4C1.1(a) provides, in pertinent part, as follows:

> (a) Adjustment.—If the defendant meets all of the following criteria:
>
> > (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> \*\*\*
>
> > (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> \*\*\*
>
> > (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

8

\*\*\*

>> decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. app. C, amend. 821 (2023).

Under Section 4C1.1(a), a defendant is eligible for a two-level reduction in his offense level only if he meets all ten of the listed criteria. Although Whitmore was a zero-point offender at the time he was sentenced, he does not meet the criteria for a sentence adjustment because he possessed a gun during the bank robbery and made "credible threats of violence" by jabbing the gun into bank employees. *See* Doc. 97 at ¶¶ 8–10, 11, 35. Thus, he fails to meet the criteria at 4C1.1(a)(3) & (a)(7).

Recognizing that Whitmore used a gun during his bank robbery is not a functional enhancement of his sentence for the dropped charge under 18 U.S.C. § 924(c). *Contra* Doc. 115 at 1–2. Whitmore's sentence was enhanced six points because he used a gun in the bank robbery. Doc. 97. And the Section 4C1.1 factors are related to the facts and circumstances of the particular crime for which the reduced sentence is sought. *See United States v. Verdin-Garcia*, No. 05-20017-01, 2024 WL 554043, at \*2 (D. Kan. Feb. 12, 2024) (holding that the defendant was ineligible for a reduction since he did not meet Section 4C1.1(a)(7) as he received a sentencing enhancement for using firearms during the offense).

### III

For the foregoing reasons, Whitmore's Motion for a Reduction of Sentence, Doc. 108, is DENIED.

It is so ordered.

Date: February 28, 2024          s/ Toby Crouse
                                 Toby Crouse
                                 United States District Judge